We'll move now to Case No. 5, United States v. Kizart, Appeal No. 19-2641. We'll hear first from Mr. Henderson. Hello again, and may it please the Court. I'm Peter Henderson. I represent Kevin Kizart in this case. I'd like to start with the question of has the Court already decided the question we've briefed. It's gotten close. I don't think it has squarely addressed this issue of does the smell of burnt marijuana in the passenger compartment give rise to probable cause to then search the trunk. It came closest in a grant of an Anders brief in United States v. Hayden. That, of course, is unpublished. But there were a number of other issues. There was a canine search, which gave probable cause. He gave voluntary consent, which gave probable cause. And so it didn't quite turn on that issue. But the Court in Hayden, and you're right, it's unpublished, but the District Court credited the officer's testimony that he smelled marijuana at the onset, testimony that also provided, so in addition to the dog, the officers with probable cause to search the entire car, including the trunk, in any other compartments. That sounds like it's more than coming pretty close. Oh, no, it certainly is, right. And there are a variety of other factors that would lead counsel to withdraw in that circumstance. Counsel's Anders brief actually didn't include the trunk, but it cited Cherry, and Cherry has that dicta about the trunk. And so we're in a world where we're very close, and we realize that. And at the very least, we've preserved the issue for further review. Cherry, of course, is dicta. Long was the passenger compartment. It wasn't the trunk. And Mosby, again, was the interior of the vehicle, and there is a consent to search. So we haven't squarely addressed it. We may have a good idea of where it's going. But I think that it's sort of interesting to think about why the smell of burnt marijuana might not give rise to probable cause to search the trunk. I think the 10th Circuit has a good point. I was trying to think about it. What we're essentially saying is the smell of burnt marijuana provides probable cause to believe that somebody has been using marijuana in that car. And so we can search any part of that car that might contain that. And I guess I don't have a lot of experience with smelling marijuana smoke coming from cars, but I do have it with cigarette smoke. And I think if I smell cigarette smoke coming from a car, is there a fair probability that I look in that person's trunk? Will I find evidence of cigarette smoking? This is all sort of an intuition, you know. What's our intuition about the probability of that happening? To me, that probability seems very low because that's… Well, cigarettes are legal. And that may be the critical distinction. You know, I guess I draw upon the experience that we see in cases where we have small amounts of marijuana, which is, I think, all that the smell of burnt marijuana can support. We don't think, we smell marijuana, this person must be a drug trafficker. We think they've got contraband. But in most cases, where do we find the marijuana? It's almost always in their pocket, as in, I think it was Mosby. It's in the center console. It's in the glove compartment. And this is part of, you know, we only get the cases that we see when something more serious is involved. But when we're assessing probabilities, it seems to me that the probability that you will find personally used marijuana in a trunk is not sufficient to establish that level of probable cause. Maybe it gets to reasonable suspicion. It certainly suggests that somebody might have some in the passenger compartment because that's where, you know, this is not being stored. This is not being transported. This is just marijuana that somebody has on their person, et cetera. Is part of your argument, the probability argument tied to the particular facts here of finishing the search of the interior of the vehicle, the interaction between the officer and the defendant with regard to expression of relief, et cetera, followed by the officer then taking the keys and opening the trunk, or is that probability argument that you're offering exclusive of the facts that are presented here? Well, I think this is one of the areas of the Fourth Amendment where we sort of have categorical rules. The debate is do we have a categorical rule saying this gives probable cause to search the entire car, including the trunk, or do you need something else? And I think that as a categorical rule, the smell of burnt marijuana by itself does not provide probable cause for the reasons, because we have to assess that on a probability basis across cases. We also need rules that officers can follow, you know, so I think to do as the Tenth Circuit has done and say, if you smell marijuana, it's limited to the passenger compartment, then that's the rule. Now, there may be, you know, I don't see anything about this case that would provide probable cause to believe there's something in the trunk. There are these, you know, indicia of nervousness, or there may be reasonable suspicion, et cetera. I guess what I'm sort of interested in, in California versus Acevedo, the police observed the defendant carrying a paper bag. They believed it had marijuana in it. Put it in his trunk. The Supreme Court said, well, yeah, you've got probable cause. You can search the trunk. You know, it doesn't matter about containers. But what the Supreme Court also said was, you can't search any other part of the passenger compartment because you don't have probable cause. And I would think, on the reasoning with the burnt marijuana cases, that if we have probable cause to believe this person's transporting marijuana in his car, why wouldn't we have probable cause to believe there might be marijuana elsewhere? Because that's the inference we're making. If a person has smoked marijuana in his car, he must have marijuana somewhere else in the car. So, you know, I think maybe that inference then supports probable cause for the passenger compartment. It's personal use. He certainly could have it on him. It certainly justifies a search of his person. It just seems to me that the probability that you're going to find evidence of marijuana, simple possession, in the trunk of somebody's car is just too remote to support what is an exception to the warrant requirement. Right? That's what we're talking about. So, unless the Court has anything else, I'll reserve my time for rebuttal. Very good. Thank you, Mr. Henderson. Mr. Walters. Good morning. May it please the Court. We are asking the Court to elevate to a holding in a published opinion that which it held in an unpublished opinion of Hayden, and we agree it's dictum from Cherry that the smell of burnt marijuana is a simple and compelling reason to search a car, including his trunk. And admittedly, when I first read the Tenth Circuit decision, there were some things that interested me from a legal perspective, from a theoretical perspective. What I found difficult in looking at that, though, is really what type of rule has the Tenth Circuit provided? Because it says, they say that when you smell burnt marijuana, it's limited to the passenger compartment, absent corroborating evidence of contraband. At what level is there going to be to allow you to get in the trunk if the corroborating evidence is more just, quote, personal use, an addition of personal use? Marijuana flakes, maybe a burnt joint, et cetera. Does that allow you to get in the trunk? And it's just not clear to be able to apply that standard and ask a law enforcement officer, well, look for more. But what is that more? And what really I found most problematic with the Tenth Circuit's view is it's almost harkening back to we have certain compartments and closed containers that can be searched during a vehicle search and there are others that can't. It's back to the days of Chadwick and Sanders and Robbins. And let me give you this example. So outside of the, let's say instead of using a car, this defendant had been in an SUV, a full-size Yukon. And in the back of that Yukon, there's a recess compartment that people will stow luggage. That compartment in the back of the SUV is no more or no less likely to contain marijuana than a trunk of a vehicle. And yet, under the Tenth Circuit's reasoning, the law enforcement officer would be perfectly able to go into that recess compartment of an SUV, but not the trunk of a car, and yet both of them are out of reach by that driver. Or we can even heighten it more and that recess compartment of the SUV is locked. Again, under the Tenth Circuit's reasoning, that lock can be broken and it can be searched because it's within the passenger compartment of the SUV. I don't think there's a means of distinguishing the trunk in a recess compartment of an SUV when both are out of reach. And also, my friend who is a wonderful arguer, I enjoy arguing against him, he brought up in Hayden about there being a canine. Really, the Tenth Circuit's ruling does not or gives nothing more than a de minimis at most constitutional gain. Let's take this case that had officer that had made the stop had smelled marijuana and searched the passenger compartment, didn't find any more, but at the same time it also called a canine who showed up with his handler, and that canine then alerted on the car. Now, we don't know if that canine's alert is confirmatory of the smell of burnt marijuana, the smell of some other drug, or a combination of both, but I am fairly certain that assuming that canine is well-trained, that this court would affirm a search of the trunk based on that canine's alert. And so the de minimis constitutional gain is that that canine can't communicate, well, I smelled burnt marijuana. We just know that it alerted, and that would be enough to get into the trunk. And I think it should be the same rule, whether it's fresh marijuana or burnt marijuana, smelled by an officer because, again, he could just have called a canine as well and confirmed what he already smelled himself that already provided the probable cause to search. Mr. Walts, I just want to be clear on one thing. You're asking us to just hold that as, to kind of borrow Mr. Henderson's phrase, as a categorical matter here, right, not to kind of overlay into this or to mix into our reasoning Mr. Kizer's reaction to the initial interfacing with the police. Well, I'm asking for that ruling as a matter of clarity. I think that you've, as my friend said, you've all but gotten there. So let's make it a holding. But if you were to not, I do think that Judge Darrow's findings of fact do further support a probable cause to go into the trunk when there were an expression, facial expression, body reaction, not verbal, of relief when he first thought the search was over. And then I think the officer said shock and Judge Darrow said at least a change in demeanor that would indicate that there was something in the trunk. Yeah, wasn't it in response to the officer saying something about I want to look in the trunk, how do I get in the trunk or something like that? It's on page nine of his testimony from June 20th. He seemed relieved and had a smile on his face. And then the prosecutor asked, then what did you ask? And he said, I asked, how did you get in the trunk? And then described that he didn't respond. He looked shocked. And so, you know, that too, I mean, even under the Tenth Circuit standard, something more, that goes back to what is that standard? What is the something more that's needed? Further corroboration. I think that perhaps that meets even the Tenth Circuit standard of further corroboration, assuming that were the rule of law. But we are first asking the court to let's go ahead and clarify what is basically said all along. If we do adopt a categorical rule, how would cases in Illinois be impacted as of January 1st of this year where possessing or using marijuana has become legal in some circumstances, if you're older 21, et cetera? Well, it remains illegal federally. So we get into a whole federalism question. Right. But, you know, if we look at the probable cause standard, a fair probability, is there a fair probability? I'm asking first for the categorical rule to apply pre-21. Correct. Correct. You know, I have thought through this, and we've discussed it. You know, we run into the same problem then with fresh marijuana. Is that, do I smell just a user amount that's lawful under Illinois law versus an illegal amount? And coming back to the fair probability analysis, I think there's a fair probability that it's a legal amount, but there's also a fair probability that it's an illegal amount. And we're not talking about certainty or preponderance. We're talking about fair probability. So to directly answer your question, I would, which I should have done initially, is I still think there's probable cause. Thank you. Thank you, Mr. Walters. Mr. Henderson, rebuttal. Let me pick up on that discussion. I think that's a misunderstanding of what probable cause is because what the government's just said is that anybody who legally purchases marijuana in the state of Illinois and takes it home now can be stopped and their entire car searched so long as the officer, I mean, sees the marijuana, let alone smells it. That's not probable cause to believe they've committed a crime in the state of Illinois. Why not? It's federally. Is Mr. Walters wrong as to simple possession is barred by federal law? Well, it is, but it's authorized by the state of Illinois. I mean, I suppose this is a discussion that will need to be fully briefed. Yeah, I mean, it's fascinating where this is going to go. I don't know if it's going to lead to prosecutions or not. I mean, it's not our choice. Right, but I think the idea that I'm pushing back against is this idea of if there's a fair probability that it is legal and there's a fair probability that it's not authorized by the state of Illinois, is there probable cause? I don't think there is. I think you have to have something more than just, well, I don't know, so I'm going to search. We certainly don't have to decide that question for purposes of this case, but I asked it in the context of a categorical rule going forward. Right. Well, and it relates to our earlier discussion about cigarettes, right? If you see something lawful in the state of Illinois, do you assume that they've got more in the trunk? My intuition is no. And even if you do, is that probable cause of a crime? Exactly. That's the question. Exactly. But, you know, if it's no longer considered contraband in the state of Illinois, do we have different intuitions about where people hide it? Because that's the whole probable cause thing. Anyway, that discussion will be for another day. I'll say one more thing. From our perspective, the demeanor, you know, we sort of consider what happened after the officer said, hey, is there anything in the trunk, demeanor changes. I don't think that would support probable cause. If, you know, this is just a regular roadside arrest, gets out of the car, can I search your trunk? Oh, you know, no. That's not probable cause. That may be a reasonable suspicion. In our view, at least, combining the two doesn't add anything because there's no fair probability that you're going to discover evidence of personal use marijuana in the trunk. So I think that the real issue is the one we've presented. Does the smell of burnt marijuana provide probable cause to search the trunk? And on that basis, we'd ask the court to reverse. Thank you, Mr. Henderson. Thank you, Mr. Walters. The case will be taken to revisement.